**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Clark Charles Gable,<br><br>    Plaintiff,<br><br>vs.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | CIV 16-08065-PCT-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff Clark Charles Gable's unopposed Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 30). Counsel moves the Court to award $25,528.25 as a reasonable attorney's fee for representation of Plaintiff on a contingency fee basis in this action.

Section 406(b) provides that whenever the Court renders a favorable judgment to a social security claimant, the Court can award reasonable attorneys' fees for representation of the claimant. See 42 U.S.C. § 406(b)(1)(A). The reasonable fee cannot exceed twenty-five percent of the total past-due benefits awarded to the claimant. See id. The fee is payable out of, and not in addition to, the amount of the past-due benefits. See id. Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The Supreme Court noted that "Congress has provided one boundary line: Agreements are

1 unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Id. Therefore, the Court must ensure the fee is 1) reasonable, and 2) limited to 25 percent of past-due benefits.

The Court must "respect the primacy of lawful attorney-client fee agreements." Crawford v. Astrue, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations omitted). While looking first to the agreement, the Court must still test the resulting award for reasonableness. See id. at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." Id. at 11511. In considering reasonableness, this Court should consider the following non-exhaustive factors: the character of the representation, the results achieved, performance, delay, whether the benefits were proportionate to the time spent on the case, and, as an aid if necessary, the lodestar calculation. See id.

The record reflects that Plaintiff and counsel had a contingency fee agreement in this case typical of fee agreements in disability benefit cases. The agreement provides that Plaintiff "agree[s] that the attorney's fee shall be equal to twenty-five percent (25%) of all past-due benefits awarded to [Plaintiff] and any other individual(s) entitled to benefits by reason of the award to [Plaintiff]."

In its Notice of Award, the Social Security Administration indicated that it withheld 25% or $25,528.25 of past-due benefits for a potential attorney's fee. Further, the Court finds that $25,528.25 is also a reasonable amount given the factors outlined in Crawford v. Astrue.

Accordingly,

**IT IS ORDERED** that Plaintiff Clark Charles Gable's unopposed Motion for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 30) is **GRANTED**. Counsel's fees are approved in the amount of $25,528.25.

DATED this 31st day of August, 2018.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge